UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2159(DSD/JJG)

Denise D. Shearer,

    Plaintiff,

v.                                                              **ORDER**

Cub Foods,

    Defendant.


    Denise D. Shearer, 7109 Valley Place, Crystal, MN 55427, pro se.

    Cynthia A. Bremer, Esq. and Flynn, Gaskins & Bennett, 33 South Seventh Street, Suite 2900, Minneapolis, MN 55402, counsel for defendant.


This matter is before the court upon defendant's motion to dismiss. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion in part.


**BACKGROUND**

Defendant Cub MN ("Cub") hired plaintiff Denise D. Shearer in November of 2000. On February 14, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon disability. (<u>See</u>

Compl. Ex. A.) On June 13, 2005, the EEOC sent plaintiff a notice of dismissal of her charge and her right to file a lawsuit within ninety days of receipt of the notice. (See Moffitt Aff. Ex. A.)

On September 16, 2005, plaintiff filed a *pro se* complaint alleging violations of, among other things, the Americans with Disabilities Act ("ADA"), Title VII, and the Rehabilitation Act. On December 20, 2005, defendant filed a motion to dismiss the complaint or, in the alternative, a motion for summary judgment.

**DISCUSSION**

**I.   Standard of Review**

Under the notice pleading standards set forth by the Federal Rules of Civil Procedure, a plaintiff needs only set forth a "short and plain statement of the claim" sufficient to show entitlement to relief. Fed. R. Civ. P. 8(a). The court construes a *pro se* complaint liberally and takes the factual allegations contained therein to be true. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). A motion to dismiss is to be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts to support her claim. Turner, 278 F.3d at 757. The court construes the pleadings as a

whole "'to do substantial justice.'" <u>Shurgard Storage Centers v. Lipton-U. City, LLC</u>, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting Fed. R. Civ. P. 8(f)).

**II.  Title VII Claim and Americans with Disabilities Act Claims**

Defendant argues that counts A, B and D of the complaint are time-barred pursuant to the relevant statutes of limitations. A plaintiff alleging violations of Title VII or the ADA has ninety days to file a lawsuit from the date she receives the EEOC's notice of right to sue. <u>See</u> 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); <u>Williams v. Thomson Corp.</u>, 383 F.3d 789, 790 (8th Cir. 2004). The ninety-day time period runs from the day the right to sue letter is received. <u>Hill v. John Chezik Imports</u>, 869 F.2d 1122, 1124 (8th Cir. 1989). When the date of receipt is unknown, the court presumes the notice was received three days after mailing.[1] <u>See</u> <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 148 n.1 (1984) (per curiam) (citing Fed. R. Civ. P. 6(e)).

The court may equitably toll the statute of limitations if (1) the EEOC's notice was inadequate, (2) a motion for appointment of counsel is pending, (3) the court has led the plaintiff to believe all statutory requirements have been satisfied or (4) the defendant's conduct lulled the plaintiff into inaction. <u>Hill v. John Chezik Imports</u>, 869 F.2d 1122, 1124 n.2 (8th Cir. 1989).

---

[1] The Eighth Circuit has recently acknowledged the three-day presumption. <u>Battle v. Fed. Express Corp.</u>, 156 Fed. Appx. 877, 878 (8th Cir. Dec. 12, 2005).

Equitable tolling is reserved for those cases in which the late filing was a result of circumstances that "were truly beyond the control of the plaintiff." Id. at 1124. A plaintiff's *pro se* status does not constitute grounds to equitably toll the statute of limitations. See Howard v. Boatmen's Nat'l Bank, 230 F.3d 1363 (8th Cir. 2000); Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903 (8th Cir. 1997). Further, the court will not disregard the procedural requirements established by Congress out of sympathy for particular litigants. See Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797-98 (8th Cir. 1998).

In this case, plaintiff did not set forth in her complaint the date upon which she received her notice of right to sue letter nor was she able to provide the court with the date of receipt during the hearing. The EEOC mailed plaintiff the notice of her right to sue on June 13, 2005, and that notice informed her that she was required to file a lawsuit within 90 days. (See Moffitt Ex. A.) If the court were to apply the three-day presumption, the court would presume that plaintiff received her notice of right to sue on June 16, 2005, which would require her to file her lawsuit by September 14, 2005. Plaintiff filed the complaint on September 16, 2005. Therefore, if the court applies the three-day presumption, plaintiff's complaint was filed two days late.[2]

---

[2] This case does not present any grounds sufficient to warrant equitable tolling. Defendant filed this motion to dismiss
(continued...)

4

However, the court declines to apply the three-day presumption at this stage. On a motion to dismiss, the court must liberally construe all of the facts and pleadings in favor of the plaintiff. Based upon the hearing, the court finds that there is an issue of fact regarding when plaintiff received her notice of right to sue. Accordingly, the court will allow plaintiff an opportunity to provide evidence to the court of actual receipt of her notice of right to sue that would rebut the three-day presumption. See Rogers v. Russ Davis Wholesale, Inc., No. 02-CV-4306, 2003 WL 1610786, at *3 (D. Minn. 2003) (three-day presumption is a rebuttable presumption). Therefore, the court denies defendant's motion to dismiss plaintiff's ADA claims at this time, but does so without prejudice.[3]

## III. Rehabilitation Act Claim

To prevail on a Rehabilitation Act claim, plaintiff must establish, among other things, that she "was denied benefits of a

---

[2] (...continued)
on December 20, 2005, and plaintiff has not filed a written response with the court and did not provide the court any grounds to justify tolling during the hearing.

[3] Plaintiff's Title VII claim fails regardless of whether her complaint is time-barred. Based upon the allegations set forth in the complaint, plaintiff has failed to exhaust her remedies with respect to her Title VII claim. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. §§ 2000e-5(b-f)). Further, plaintiff has not pleaded any facts in her complaint to support a claim for Title VII discrimination based on race, national origin, color, sex or religion. See 42 U.S.C. § 2000e-2. Therefore, a Rule 12(b)(6) dismissal is warranted on plaintiff's Title VII claim.

program or activity of a public entity receiving federal funds." Timothy H. v. Cedar Rapids Community School Dist., 178 F.3d 968, 971 (8th Cir. 1999); see also 29 U.S.C. §§ 793-94. Plaintiff has made no indication in the pleadings that she was denied benefits of a program or activity of a public entity that receives federal funds. Therefore, plaintiff's Rehabilitation Act claim is dismissed.

**IV.    "Discrimination Due to Disability, Hostile Work Environment and Retaliation" Claim**

Count E of plaintiff's complaint fails to state a claim for which relief can be granted, as required by Federal Rule of Civil Procedure 12(b)(6). Therefore, Count E is dismissed.

**V.    Intentional Infliction of Emotional Distress Claim**

Count G of plaintiff's complaint alleges intentional infliction of emotional distress. To establish this claim, plaintiff must present evidence of intentional conduct by the defendant that was extreme, outrageous and caused her severe emotional distress. See Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983). The conduct alleged must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Id. Plaintiff has not pleaded any such conduct. Therefore, plaintiff's intentional infliction of emotional distress claim is dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [Docket No. 6] is granted as to counts A, C, E and G of plaintiff's complaint.

2. Defendant's motion to dismiss [Docket No. 6] is denied without prejudice as to counts B and D of plaintiff's complaint.

3. Plaintiff shall have until April 17, 2006, to establish to the court the date that she received her notice of right to sue letter from the Equal Employment Opportunity Commission. If, after April 17, 2006, plaintiff has not supplemented the record to establish that she received her notice of right to sue on a date other than June 16, 2005, the court will, *sua sponte*, modify this order to grant defendant's motion to dismiss in its entirety.

Dated: March 20, 2006

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court